```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA

                    CASE NO. 15-62623-CV-GAYLES
                           (14-60100-CR-GAYLES)
                    MAGISTRATE JUDGE P. A. WHITE
```

MARCKENSON CHERY,            :

    Movant,              :

v.                           :       <u>REPORT OF</u>
                                                  <u>MAGISTRATE JUDGE</u>
UNITED STATES OF AMERICA,    :

    Respondent.          :
_____

<u>Introduction</u>

    This matter is before this Court on the movant's amended motion to vacate pursuant to 28 U.S.C. §2255, attacking his sentence entered after he pled guilty to one count of enticing a minor to engage in sexual activity in violation of 18 U.S.C. § 2244(b) in case number 14-60100-CR-GAYLES.

    The movant filed his initial motion on December 10, 2015. (Cv-DE# 1). He raised five claims of ineffective assistance of counsel. An order to show cause was entered. (Cv-DE# 5). The response to the order to show cause was filed on February 19, 2016. (Cv-DE# 8). The movant then sought leave to file a supplemental complaint brief and an addendum. (Cv-DE# 12, 13). The motion was denied, however the movant was permitted to file one concise amended motion to vacate including all claims he wished to raise. (Cv-DE# 15). The movant was advised that this amended motion would be the operative pleading and that claims raised in the amend motion might be subject to procedural bars or the one year statute of limitations. Thereafter an amended motion was filed on May 29, 2016. (Cv-DE# 17). The amended motion raised two new claims and was silent as to

the five claims raised in the initial motion. The movant later filed a clarification in which he included additional argument regarding the two claims raised in the amended motion.

The Court has reviewed the movant's amended motion and the clarification (Cv-DE# 17, 19), the government's response (Cv-DE# 32), the movant's reply and all pertinent portions of the underlying criminal file.

Construing the movant's claims liberally as afforded *pro se* litigants, pursuant to Haines v. Kerner, 404 U.S. 419 (1972), the movant raised the following claims in his initial motion:

1. Counsel was ineffective for failing to object to the lack of a statement of reasons for the upward departure.

2. Counsel's misadvice regarding his sentencing exposure rendered his plea involuntary.

3. Counsel was ineffective for failing to raise a sentencing disparity claim.

4. Counsel was ineffective for failing to object to certain conditions of his supervised release.

5. Counsel was ineffective for failing to address unresolved issues concerning the Presentence Investigation Report ("PSI").

However, in his amended motion, which is the only operative pleading, the movant has raised only two claims, arguing that:

1. Counsel was ineffective for failing to challenge the charges on the basis that his underlying conduct did not violate Florida state law.

2. The government engaged in selective prosecution based upon the petitioner's race.

2

## Procedural History

The movant was charged by indictment with using a facility of interstate commerce to knowingly persuade, induce, entice and coerce an individual who had not attained the age of eighteen to engage in any sexual activity for which a person can be charged with a criminal offense. (CR-DE# 14). On September 5, 2014 the movant entered a plea of guilty pursuant to a written plea agreement and factual proffer. CR-DE# 32-34). In the plea agreement the parties jointly agreed to recommend a sentence of 14 years followed by ten years of supervised release.

In the factual proffer the movant admitted that he communicated with a 15 year old girl in California via Skype and other internet websites that allow video chats. The chat logs of these conversations were reviewed by law enforcement and found to contain sexually explicit conversations. In at least one chat the movant encouraged the girl to masturbate and show him her naked body. While this occurred the girl could see that the movant was completely naked and masturbating. This occurred on at least two occasions. The movant was identified by the girl from his Florida driver's license photograph.

After a thorough plea colloquy, the court accepted the guilty plea. (CV-DE# 8-1). The movant was placed under oath. He acknowledged reviewing the indictment and plea agreement with counsel. He understood that the agreement was merely a recommendation to the court and that the court could reject those recommendations. He further agreed to the facts contained in the factual proffer.

The court explained the movant's sentence would be determined

from the guidelines. He acknowledged discussing the advisory guidelines with counsel and that the actual guideline range had not yet been calculated. He understood that the actual sentence might be different from any estimate provided by counsel and that he had a right to appeal the sentence. The court explained the rights the movant was giving up by entering a plea, the movant agreed to waive those rights.

Having conducted a thorough plea colloquy, the court found the movant's plea to be knowing and voluntary. The court further found that the plea was supported by an independent factual basis. The movant's guilty plea was accepted and he was adjudicated guilty.

On December 17, 2014, the movant appeared for sentencing. (CV-DE# 8-2). The guidelines indicated a sentencing range of 70 to 87 months. However, the movant faced a mandatory minimum sentence of ten years which was therefore the sentencing guideline recommendation. The government and the movant agreed there were no factual disputes regarding the PSI. The government and the movant agreed to lower the recommended sentence to twelve years because the guidelines recommended a lower than expected sentence. The recommendation for ten years of supervised release remained.

After hearing from counsel and the movant, the court imposed the recommended sentence of twelve years, to be followed by ten years of supervised release. He was advised of his right to appeal. The movant voiced no objection to the sentence.

The judgment of conviction was entered on the docket by the Clerk on December 19, 2014. (CR-DE# 55). No direct appeal was filed. On March 17, 2015 the court entered an amended judgment which reflected the imposition of restitution. (CR-DE# 30, 62).

4

There was no appeal of the amended judgement.

The judgment of conviction in the underlying criminal case became final at the latest on March 31, 2015, when time expired for filing a notice of appeal.[1] Thus, the movant was required to file this motion to vacate within one year from the time the judgment became final, or no later than March 31, 2016. See Griffith v. Kentucky, 479 U.S. 314, 321, n.6 (1986). The movant filed his original § 2255 motion on December 15, 2015, less than one year from the time his conviction became final.[2] However, on April 14, 2016 the movant sought leave to file an amended motion. The motion was denied because the pleading was excessively long and difficult to construe. The movant was ordered to file a single amended motion containing all of his claims and that this motion would be the operative pleading in this case. The movant was warned that the amended motion might be subject to any procedural bars as well as the one year statute of limitations. The movant's amended motion, containing two new claims was filed on May 29, 2016.

## Discussion of Claims

In the initial motion the movant raised five claims. However, that motion is no longer the operative pleading in this case. The movant was specifically advised that the court would consider only those claims raised in a concise amended motion. Since the movant has elected to file an amended motion any claims raised in his initial motion are deemed waived by his failure to raise them in

---

[1] Where, as here, a defendant does not pursue a direct appeal, his conviction becomes final when the time for filing a direct appeal expires. Adams v. United States, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999). The time for filing a direct appeal expires fourteen days after the judgment or order being appealed is entered. Fed.R.App.P. 4(b)(1)(A)(i). The judgment is "entered" when it is entered on the docket by the Clerk of Court. Fed.R.App.P. 4(b)(6).

[2] See: Adams v. U.S., 173 F.3d 1339 (11 Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

his amended motion. Thus the only issues remaining are those raised in the amended motion to vacate.

Timeliness

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") created a limitation for a motion to vacate. Pursuant to 28 U.S.C. §2255(f), as amended April 24, 1996, a one year period of limitations applies to a motion under the section. The one year period runs from the latest of:

(1) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(2) The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant is prevented from filing by such governmental action;

(3) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) The date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence.

See 28 U.S.C. §2255(f); see also, Pruitt v. United States, 274 F.3d 1315, 1317 (11th Cir. 2001). The burden of demonstrating that the AEDPA's one-year limitation period was sufficiently tolled, whether statutorily or equitably, rests with the movant. See e.g., Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Gaston v. Palmer, 417 F.3d

6

1030, 1034 (9th Cir. 2005); Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002); Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).

The Supreme Court has recognized that the one-year limitations period is subject to equitable tolling in appropriate cases. Holland v. Florida, 560 U.S. 631(2010). See also Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)(holding that a petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing); Helton v. Secretary for Dept. of Corrections, 259 F.3d 1310, 1312 (11 Cir. 2001)(stating that "[e]quitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition."), cert. denied, 535 U.S. 1080 (2002); Sandvik v. United States, 177 F.3d 1269, 1271 (11 Cir. 1999).

In the absence of circumstances not present or alleged here (e.g., an impediment occasioned by governmental interference, see 28 U.S.C. §2255(f)(2); or newly discovered evidence, see 28 U.S.C. §2255(f)(4)), in order for the Motion to Vacate to have been timely filed within the 1-year AEDPA limitations period, his Motion would have had to be filed on or before March 31, 2016.[3]

Claims Raised in Amended Motion

In his amended motion the movant has raised claims which were not raised in his initial motion. This amended motion was filed

---

[3]The government concedes that the limitations period began to run upon the entry of the amended judgment that was recorded by the clerk on March 17, 2015.

7

after the expiration of the one year limitations period. In order for untimely claims to be considered, they must arise from the same facts as the timely filed claims, not from separate conduct or occurrence. See Dean v. United States, 278 F.3d 1218, 1222 (11th Cir.2002); Fed.R.Cr.P. 15(c). The untimely claims must have more in common with the timely filed claims than the mere fact that they arose out of the same trial and sentencing proceedings. See Pruitt at 1319, citing, United States v. Pittman, 209 F.3d 314 (4th Cir.2000); United States v. Duffus, 174 F.3d 333 (3rd Cir.), cert. den'd, 528 U.S. 866, 120 S.Ct. 163, 145 L.Ed.2d 138 (1999); United States v. Craycraft, 167 F.3d 451 (8th Cir.1999).

The movant's original claims addressed counsel's failure to object to the certain sentencing decisions and a claim that counsel misadvised regarding his sentencing exposure. His new claims address (1) counsel's failure challenge the basis for his conviction; and (2) selective prosecution. Neither of these claims relate to the initial claims raised. Since these claims do not arise from the same circumstances as raised in the original motion to vacate they are time-barred. See Mayle v. Felix, 545 U.S. 644 (2005) and Davenport v. United States, 217 F.3d 1341 (11th Cir. 2000); see also, Pruitt v. United States, 274 F.3d 1315 (11th Cir. 2001).

Furthermore, the movant is not entitled to equitable tolling. He has failed to allege that he has acted with due diligence or that extraordinary circumstances precluded his timely filing of the additional claims. In the absence of any such allegations there is no basis for equitable tolling.

Actual Innocence

The movant, perhaps acknowledging that his amended motion is

8

subject to the time bar, has argued that he is actually innocent of the crime for which he was convicted.

The actual innocence doctrine applies in two contexts: where a defendant contends he is actually innocent of the crime of conviction, and where a defendant contends he is actually innocent of a capital sentence. See McKay v. United States, 657 F.3d 1190, 1196 (11th Cir.2011); Dretke v. Haley, 541 U.S. 386, 388 (2004). To establish innocence the movant "must show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt" in light of the new evidence of innocence. Schlup v. Delo, 513 U.S. 298, 327 (1995). The actual innocence claim must be supported by new reliable evidence that was not presented at trial and such evidence must establish that "no reasonable juror would have found the petitioner guilty beyond a reasonable doubt." See Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir.2012). The movant's conviction rests upon his admission, in both the factual proffer and plea colloquy, to the facts sufficient to sustain the charges.

The movant's allegations of newly discovered evidence are nothing more than his attempt to provide his own meaning to the evidence that was available prior to his entry of a plea. All of the evidence referenced by the movant was available prior to the entry of his plea and include chat logs of the conversations between the minor and himself. The chat logs show that the movant convinced the minor child to engage in masturbation on a video camera and that the child observed the movant as he masturbate and ejaculate. The logs also show the movant expressed a desire to visit the child in California. The movant told the child he had ample vacation time and the money to travel. In his motion, and its myriad exhibits, the movant merely attempts to show himself in a

9

better light in contravention to his acknowledgment of guilt at the plea colloquy.

Furthermore, the movant's argument is best construed as a claim not of factual innocence, but rather legal insufficiency. "[A]ctual innocence" means factual innocence, not mere legal insufficiency. <u>Bousley v. United States</u>, 523 U.S. 614, 623, 118 S. Ct. 1604, 1611, 140 L. Ed. 2d 828 (1998). As noted by the Eleventh Circuit "[t]he underlying criminal conduct that Congress expressly proscribed in passing § 2422(b) is the persuasion, inducement, enticement, or coercion of the minor rather than the sex act itself. That is, if a person persuaded a minor to engage in sexual conduct (e.g. with himself or a third party), without then actually committing any sex act himself, he would nevertheless violate § 2422(b)." <u>United States v. Murrell</u>, 368 F.3d 1283, 1286 (11th Cir. 2004). Thus, his claim that the evidence was insufficient to sustain his guilty plea and conviction is unavailing in his attempt to circumvent the one year limitations period.

Finally, the movant's request for an evidentiary hearing on his claims of ineffective assistance of counsel should be denied. A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations or affirmatively contradicted by the record. <u>See</u> <u>Holmes v. United States</u>, 876 F.2d 1545, 1553 (11th Cir. 1989), <u>citing</u>, <u>Guerra v. United States</u>, 588 F.2d 519, 520-21 (5th Cir. 1979). As previously discussed in this Report, the claims raised are unsupported by the record or without merit. Consequently, no evidentiary hearing is required.

<u>Certificate of Appealability</u>

Rule 11(a) of the Rules Governing Section 2255 Cases in the United States District Courts provides: "[t]he district court must

issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2255 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 1603-04, 146 L.Ed.2d 542 (2000) (explaining the meaning of this term) (citation omitted). Therefore, it is recommended that the Court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

### Conclusion

It is therefore recommended that this motion to vacate sentence be denied, all pending motions should be denied as moot and the case closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Signed this 14th day of February, 2017.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Marckenson Chery
    05166-104
    Oakdale FCI
    Federal Correctional Institution
    Inmate Mail/Parcels
    Post Office Box 5000
    Oakdale, LA 71463

    Francis Ines Viamontes
    United States Attorney's Office
    Criminal Div. / Major Crimes
    500 E. Broward Boulevard
    Suite 700
    Fort Lauderdale, FL 33394